**William E. Weiner**, Bar No. 285321
weinerw@lanepowell.com
**Rishi Puri**, Bar No. 252718
purir@lanepowell.com
**Kristen L. Price**, Bar No. 299698
pricek@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALINA MANUKYAN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> KINDERCARE EDUCATION AT WORK LLC, a California limited liability company; KINDERCARE EDUCATION LLC, a Delaware limited liability company; KINDERCARE LEARNING CENTERS, a Delaware limited liability company; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 2:20-cv-6125 <br><br> **NOTICE OF REMOVAL TO FEDERAL COURT** <br><br> [*Filed concurrently with Civil Case Cover Sheet and Certification and Notice of Interested Parties*] <br><br> State Court Action Filed: May 27, 2020 |

TO: The Honorable Judges of the United States District Court for the Central District of California.

Defendants KinderCare Education at Work, LLC, KinderCare Education, LLC, and KinderCare Learning Centers, LLC ("Defendants") hereby remove the above-captioned action currently pending in the Superior Court of Los Angeles

County, California, to the United States District Court for the Central District of California. Removal is based on 28 U.S.C. § 1332 (diversity jurisdiction) and authorized by 28 U.S.C. §§ 1441 and 1446. As grounds for removal, Defendant states as follows:

## I. BACKGROUND

1. Plaintiff Alina Manukyan ("Plaintiff") commenced this action on or about May 27, 2020, by filing a Complaint ("Compl.") with the clerk of the Superior Court of Los Angeles County, California (the "State Court Action"). The State Court Action has been assigned cause number 20STCV20150. On July 6, 2020, Defendants filed an Answer to the Complaint in the State Court Action. True and correct copies of the Summons, Complaint, Answer, and any attached documents are filed jointly herewith as **Exhibit A** to the Declaration of Kristen L. Price ("Price Decl.").

## III. STATUTORY REQUIREMENTS

2. Diversity jurisdiction under 28 U.S.C. § 1332 exists because this action is between citizens of different states and the amount in controversy exceeds $75,000.

   a. Upon information and belief, Plaintiff is a citizen of California. (Price Decl. ¶ 4, Compl. at ¶ 2.)

   b. Defendant KinderCare Education, LLC is a Delaware Limited Liability Company with its principal place of business in Oregon. (Price Decl. ¶ 5, **Exhibit C**.)

   c. Defendant KinderCare Learning Centers, LLC is a Delaware Limited Liability Company with its principal place of business in Oregon. (Price Decl. ¶ 6, **Exhibit D**.)

   d. Defendant KinderCare Education at Work, LLC, is a California Limited Liability Company with its principal place of business in Oregon. (Price Decl. ¶ 7, **Exhibit E**.) KinderCare Education at Work LLC's sole member is KinderCare Education LLC, a Delaware Limited Liability Company. *Id.* "[T]he citizenship of an LLC for purposes of the diversity

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

jurisdiction is the citizenship of its members." *Johnson v. Columbia Properties Anchorage, LP* (9th Cir. 2006) 437 F3d 894, 899. Accordingly, for purposes of diversity jurisdiction, KinderCare Education at Work, LLC is a citizen of Delaware.

e.   While Plaintiff has named fictitious Doe defendants, "the citizenship of defendants sued under fictitious named shall be disregarded" in determining whether a civil action is removable based on diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

f.   The amount in controversy exceeds $75,000. In her Complaint, Plaintiff brings claims for: (1) Discrimination; (2) Failure to Prevent Discrimination; (3) Failure to Provide Reasonable Accommodations; (4) Failure to Engage in a Good Faith Interactive Process; (5) Declaratory Judgment; (6) Failure to Pay Wages; (7) Failure to Provide Meal and Rest Periods; and (8) Unfair Competition. (Compl. at ¶¶ 44- 105.) With respect to these claims, Plaintiff seeks compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money together with interest on these amounts. (Price Decl. ¶ 8, Compl. at Prayer ¶ 1.) While working for KinderCare in 2018, Plaintiff's gross pay was approximately $29,421. (Price Decl. ¶8.) In the Complaint, Plaintiff also seeks $1,050.00 in Labor Code §558 penalties and $15,855.84 to compensate her for allegedly missed rest and meal periods. *(Ibid;* Compl. at Prayer ¶¶ 2-3.) The alleged loss of this income, penalties, and missed rest/meal period compensation, in addition to the value of any benefits allegedly lost and interest thereon brings the amount in controversy beyond the jurisdictional minimum. Plaintiff is further seeking punitive damages, declaratory and injunctive relief, pre- and post-judgment interest, restitutionary disgorgement of profits, and attorneys' fees and costs. (Price Decl. at ¶ 8, Compl. at Prayer ¶¶ 4-11.) A claim for attorneys' fees is also included in determining the amount

in controversy, regardless whether the fee award is mandatory or discretionary. *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-1156. Further, a brief survey of verdicts and/or settlements in employment discrimination cases in Los Angeles County and the surrounding counties revealed a number of cases in which the plaintiff recovered in excess of $75,000. (Price Decl. ¶ 9, **Exhibit F**.)

## IV.  PROCEDURAL REQUIREMENTS

3. <u>Removal To This Court Is Proper</u>. Pursuant to 28 U.S.C. § 1441(a)-(b) and 1446(a), KinderCare is filing this Notice of Removal in the United States District Court for the Central District of California, which is the federal district court embracing the state court where Plaintiff has brought the State Court Action—Los Angeles, California. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 84(c).

4. <u>Removal Is Timely</u>. KinderCare was first served with the Summons and Complaint in the State Court Action on June 11, 2020. (Price Decl. ¶ 2.) KinderCare has thirty days from the date of receipt of the Complaint through service to file a notice of removal. 28 U.S.C. § 1446(b)(1). However, where the thirtieth day is a Saturday, Sunday or holiday, the thirty-day period runs until the end of the next day that is not a Saturday, Sunday, or holiday. Fed. R. Civ. P. 6(a)(1); *Wells v. Gateways Hosp. Mental Health Ctr.,* 76 F. 3d 390 (published in full-text format at 1996 U.S. App. LEXIS 2287, 1996 WL 36184 at *1 (9th Cir. 1996) (Unpub. Disp.) (holding that Rule 6(a) specifically applies to the 30-day removal deadline). Because July 11, 2020 is a Saturday, this Notice of Removal is timely filed on or before July 13, 2020.

5. <u>Bond and Verification</u>. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice of Removal need not be verified.

6. <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

7. <u>Pleadings and Process</u>. True and correct copies of all available pleadings on file in the State Court Action, including the operative complaint and a current docket sheet, are submitted herein as **Exhibits A** and **B** to the Declaration of Kristen Price. 28 U.S.C. § 1446(a). KinderCare has paid the appropriate filing fee to the Clerk of Court upon the filing of this Notice of Removal.

8. <u>No Waiver</u>. By seeking removal, KinderCare does not waive, and expressly reserves all rights, defenses, or objections of any nature that it may have to Plaintiff's claims. Specifically, KinderCare does not waive any of its affirmative defenses as to sufficiency of process, sufficiency of service and/or of process, jurisdiction, venue, right to arbitration, failure to state a claim, failure to join a party, or any other affirmative defense in this matter.

9. <u>Notice</u>. KinderCare will promptly serve Plaintiff and file with this Court its Notice of Removal to Plaintiff, informing Plaintiff that this matter has been removed to federal court. *See* 28 U.S.C. § 1446(a), (d). KinderCare will also promptly file with the clerk of the Superior Court of Los Angeles County, California, and serve on Plaintiff, a Notice of Removal to Federal Court pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, this action should proceed in the United States District Court for the Central District of California, Western Division, as an action properly removed thereto.

DATED: July 9, 2020

LANE POWELL PC

By /s/ William E. Weiner
William E. Weiner, Bar No. 285321
Rishi Puri, Bar No. 252718
Kristen L. Price, Bar No. 299698
Attorneys for Defendants