20STCV20150

Electronically FILED by Superior Court of California, County of Los Angeles on 05/27/2020 08:04 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

Ramin R. Younessi, Esq. (SBN 175020)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiff,
ALINA MANUKYAN

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| ALINA MANUKYAN, an individual, | Case No. 20STCV20150 |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR:** |
| v. | **1. DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| KINDERCARE EDUCATION AT WORK LLC, a California limited liability company; KINDERCARE EDUCATION LLC, a Delaware limited liability company; KINDERCARE LEARNING CENTERS, a Delaware limited liability company; and DOES 1 through 20, inclusive, | **2. FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF GOV'T CODE §12940(k);** |
| | **3. FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| Defendants. | **4. FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| | **5. FOR DECLARATORY JUDGMENT** |
| | **6. FAILURE TO PAY WAGES (CAL. LABOR CODE §§201, 226.7, 512);** |
| | **7. FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LABOR CODE §§226.7, 512); AND** |
| | **8. UNFAIR COMPETITION (BUS. & PROF. CODE §17200 ET SEQ.)** |
| | **DEMAND OVER $25,000** |
| | **[DEMAND FOR JURY TRIAL]** |

-1-

**COMES NOW PLAINTIFF, ALINA MANUKYAN,** and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1.      This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

## THE PARTIES

2.      Plaintiff, ALINA MANUKYAN is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant KINDERCARE EDUCATION AT WORK LLC (hereinafter referred to as "KINDERCARE EDUCATION AT WORK") was and is a California limited liability company doing business in the State of California.

4.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant KINDERCARE EDUCATION LLC (hereinafter referred to as "KINDERCARE EDUCATION") was and is a Delaware limited liability company doing business in the State of California.

5.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant KINDERCARE LEARNING CENTERS LLC (hereinafter referred to as "KINDERCARE LEARNING") was and is a Delaware limited liability company doing business in the State of California.

6.      KINDERCARE EDUCATION AT WORK, KINDERCARE EDUCATION and KINDERCARE LEARNING are hereinafter collectively referred to as "Defendants."

7.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants owned and operated early childhood education facilities.

-2-
COMPLAINT FOR DAMAGES

8. At all times relevant herein, Defendants and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

9. At all times relevant herein, Defendants and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 5-2001, and are each an "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

11. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

12. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein,

with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

13.     Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

14.     Plaintiff has filed complaints of discrimination, failure to prevent discrimination, failure to accommodate, and failure to engage in the interactive process, under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH"), and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

### ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

15.     Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendants and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

16.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Defendants and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

    a.     Defendants are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

    b.     Defendants and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

    c.     Defendants and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.      Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.      The business affairs of Defendants and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion.  Defendants are, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20.  The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations.  The corporate existence of Defendants and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

17.     Accordingly, Defendants constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

18.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Defendants and DOES 1-20.  Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

19.     Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Defendants, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Defendants and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Defendants and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Defendants and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Defendants and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts.  Accordingly, Defendants and/or DOES 1-20 are the successors of one or more of the other Defendants, and are liable on that basis.

## **FACTUAL ALLEGATIONS**

20.     Plaintiff was hired by Defendants on or about November 19, 2012 as an assistant director. Plaintiff's job duties included supervising children, managing enrollment, accounting, customer service, bus driving, and cleaning. Plaintiff performed her job duties satisfactorily at all times.

21.     At the time of Defendants' adverse employment action relating to the forced leave of absence on or about April 18, 2019, Plaintiff was 45 years old.

22.     Between November 13, 2015 and April 18, 2019, Plaintiff's hourly wage rate was $16.94. During this time period, Plaintiff's fixed schedule was five days per week, Monday through Friday, for approximately 8 hours per day.

23.     Throughout Plaintiff's employment, Plaintiff was not permitted to, and not advised of Plaintiff's right to take statutory 10-minute rest breaks for every four hours worked or substantial portion thereof. One or more of Plaintiff's 10-minute rest breaks were not provided and/or were interrupted approximately 3 times per week.

24.     Throughout Plaintiff's employment, Plaintiff did not receive uninterrupted statutory 30-minute meal periods for days on which Plaintiff worked at least 5 hours, which was each day Plaintiff worked. One or more of Plaintiff's 30-minute meal periods were not provided and/or were interrupted approximately 3 times per week.

25.     On or about May 8, 2018, Plaintiff suffered an injury to her back when a special needs child jumped on her back, causing her to fall on her side. This injury limited Plaintiff's ability to perform the major life activity of working and therefore constituted a disability.

26.     Plaintiff and another teacher immediately reported the incident to Defendants and informed them of Plaintiff's disability.

27.     Plaintiff requested time off for medical treatment, but Defendants refused.

28.     After three days, Plaintiff independently sought medical attention and her doctor recommended physical therapy. After communicating with some referred physical therapists, the potential session times conflicted with Plaintiff's work schedules. Plaintiff requested the accommodation for her work hours to be slightly changed to obtain necessary physical therapy to treat her disability.

Defendants wholly ignored Plaintiff and rejected this request. Thus, Plaintiff was unable to obtain physical therapy related to her reported disability.

29.     On or about June 6, 2018, Plaintiff sprained her ankle when she tripped on a hole on the ground and fell. This injury made the major life activity of working  more difficult and therefore constituted a disability. Plaintiff reported the disability to Defendants and sought medical treatment. Plaintiff was given crutches to help her stay off her injured foot. The ankle injury further exacerbated Plaintiff's back injury forcing her to request a wheelchair from her medical provider.

30.     Gradually, Plaintiff's back pain began to worsen. Plaintiff complained to Defendants that her back pain seemed to get worse when she performed janitorial work and other duties such as driving the bus. Defendants wholly ignored Plaintiff, telling her to do the work in pain, and that she needed a doctor's note. Plaintiff provided Defendants her doctor's note, yet Defendants still refused to honor her work restrictions.

31.     In or around November 2018, Plaintiff's son, who attends Defendants' school, cried to her that his teacher refused to give him snacks and told him to eat at home.  Plaintiff reported this incident to Defendants but no action was taken.  Plaintiff's son again cried to her about his teacher being mean and yelling at him.  Again, Plaintiff reported the teacher's behavior.  In response, Defendants advised Plaintiff to either have her children change schools or she find alternate employment.

32.     After the incident involving her son, whenever Plaintiff reported pain or requested accommodation for her disability, Defendants provided her with FMLA packets to go on a medical leave. Plaintiff insisted that she wanted accommodations, and not leave, because she is able to complete most, if not all, her duties but just required accommodations.

33.     Despite her insistence to keep working, each time Plaintiff requested an accommodation or reported pain, Defendants provided her with FMLA packets instead of engaging in a good faith interactive process to determine what accommodation were available to her.

34.     After several months of being pressured to take FMLA leave, Plaintiff finally submitted the paperwork and was forced on FMLA leave on or about April 18, 2019.

35.     Based on the events described above, Defendants knew that Plaintiff had a disability, or perceived disability, but did not offer to accommodate Plaintiff's disability. Defendants did not engage

in any genuine good faith interactive process with Plaintiff to determine accommodations for her disability or perceived disability, failed to bring any alternative open positions to Plaintiff's attention, consider Plaintiff for said positions, or discuss Plaintiff's qualifications for any of them, let alone offer any such positions to Plaintiff.

36.     Based on the events set forth above, Plaintiff believes Defendants discriminated against Plaintiff based upon her age, disability, real or perceived, medical condition, real or perceived, engagement in protected activities, denied accommodation, and denied an interactive process. Defendants failed and refused to stop and prevent discrimination against Plaintiff.

37.     At all relevant times, Defendants failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that Plaintiff could continue working for Defendants.

38.     At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform the essential job duties of Plaintiff's position or another position with or without accommodations.

39.     Defendants' conduct described herein was undertaken, authorized, and/or ratified Defendants' officers, directors and/or managing agents, and those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

40.     As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

41.     As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

-8-

42.   Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

43.   Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

**FIRST CAUSE OF ACTION**

**FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS**

44.   Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 39, inclusive, as though set forth in full herein.

45.   At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

46.   As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

47.   FEHA requires Defendants to refrain from discriminating against an employee on the basis of age, disability and/or medical condition, real or perceived, and to prevent discrimination on the basis of disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities from occurring.

48.   Plaintiff was a member of multiple protected classes as a result of Plaintiff's age, disability, medical condition and/or the perception that Plaintiff was suffering from a disability and/or medical condition.

49.   At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

50.   Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, and was harmed thereby.

51.     Plaintiff is informed and believes that Plaintiff's age, disability and/or medical condition, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

52.     Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

53.     The damage allegations of Paragraphs 40 through 43, inclusive, are herein incorporated by reference.

54.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

55.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SECOND CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION**

**IN VIOLATION OF GOV'T CODE §12940(k)**

**AGAINST ALL DEFENDANTS**

56.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 39, inclusive, as though set forth in full herein.

57.     At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants.  This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination from occurring.  As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination from occurring.

-10-

58.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

59.     The damage allegations of Paragraphs 40 through 43, inclusive, are herein incorporated by reference.

60.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

61.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**THIRD CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS**

**IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS**

62.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 39, inclusive, as though set forth in full herein.

63.     At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

64.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

-11-

65.     At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed, or could have performed the duties and functions of that position with reasonable accommodations.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety.  Accommodation of Plaintiff's disability or disability or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants.  Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff.

66.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

67.     The damage allegations of Paragraphs 40 through 43, inclusive, are herein incorporated by reference.

68.     The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

69.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION
## FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS
## IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

70.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 39, inclusive, as though set forth in full herein.

71.     At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

72.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

73.     Plaintiff reported the disability to Defendants and requested accommodation, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so.  Thereafter, despite Defendants' continuing obligation to engage in the interactive process with Plaintiff, despite Plaintiff's submission of a doctors' notes identifying Plaintiff's condition, and despite Plaintiff's desire to continue working in some capacity, Defendants failed and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants violated this obligation.

74.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

75.     The damage allegations of Paragraphs 40 through 43, inclusive, are herein incorporated by reference.

76.     The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

77.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**FIFTH CAUSE OF ACTION**

**FOR DECLARATORY JUDGMENT**

**AGAINST ALL DEFENDANTS**

78.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 77, inclusive, as though set forth in full herein.

79.     Government Code §12920 sets forth the public policy of the State of California as follows:

It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

80.     Government Code §12920.5 embodies the intent of the California legislature and states:

In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California

-14-

Constitution.

81.     Moreover, Government Code §12921, subdivision (a) says in pertinent part:

> The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

82.     An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate against Plaintiff as a result of Plaintiff's age, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.  Plaintiff contends that Defendants did discriminate against Plaintiff on the basis of Plaintiff's age, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

83.     Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial determination of Plaintiff's rights and duties, and a declaration that Defendants discriminated against Plaintiff on the basis of Plaintiff's age, perceived disability, disability, medical condition, perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.

84.     Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of Plaintiff's rights and duties, and a declaration that Plaintiff's age, perceived disability, medical condition, perceived medical condition, disability, engagement in protected activities, and/or some combination of these protected characteristics was a substantial motivating factor in the decision to subject Plaintiff to the aforementioned adverse employment actions.

85.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for Plaintiff and on behalf of employees in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of

Defendants and to condemn such discriminatory employment policies or practices prospectively. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

86.     A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of their obligations under the law to not engage in discriminatory practices and to not violate the law in the future.

87.     Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorney's fees and costs: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees."  Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination.

### SIXTH CAUSE OF ACTION

### FOR FAILURE TO PAY WAGES DUE

### LABOR CODE §§201, 226.7, 512

### AGAINST ALL DEFENDANTS

88.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

89.     At all relevant times, Defendants failed and refused to pay Plaintiff wages earned and required by 8 Code of Regulations §11050, as set forth hereinabove.  As alleged herein, Defendants routinely failed to pay Plaintiff for hours worked beyond eight in a day or 40 per week.

90.     As alleged herein, Plaintiff was not exempt from the requirements of Labor Code §510, 8 Code of Regulations §11050, and Industrial Welfare Commission Order No. 5-2001.

91.      Plaintiff has been deprived of Plaintiff's rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

92.     Labor Code §558(a) provides that any person acting on behalf of an employer who violates, or causes to be violated, any statute or provision regulating hours and days of work in any order

-16-

**Exhibit A**
**Page 16 of 52**

of the Industrial Welfare Commission pay a civil penalty in the amount of $50 for each underpaid employee for each pay period in which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Also, Labor Code §558(a) for each subsequent violation, the person acting on behalf of an employer is liable in the amount of $100 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover the underpaid wages.

93.     In addition to the unpaid wages, Plaintiff is entitled to civil penalties in this amount stated above based upon Defendants' underpayment of statutory meal and rest periods.  Within the one year immediately preceding the filing of this Complaint, Defendants, and each of them, violated Labor Code §558 on 11 pay periods, the first of which Defendants are penalized $50.00, and the remainder of which Defendants are penalized $100.00 each, for a total due in Labor Code §558 penalties of $1,050.00 [50+100*10].

### SEVENTH CAUSE OF ACTION
### FOR FAILURE TO PROVIDE MEAL AND REST BREAKS
### LABOR CODE §§226.7, 512
### AGAINST ALL DEFENDANTS

94.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

95.     Labor Code §512 requires employers to provide every employee with an uninterrupted meal period of not less than 30 consecutive minutes, for every period of work exceeding five hours.

96.     Labor Code §226.7 requires an employer to provide every employee with an uninterrupted rest period of not less than 10 minutes, for every period worked of four hours, or substantial portion thereof.

97.     In the four years last past, Plaintiff regularly worked in excess of five hours per day, and was thereby entitled to take uninterrupted 30-minute meal periods and two 10-minute rest periods on each day of work.

98.     Defendants failed and refused to provide Plaintiff with meal and rest periods, and failed to compensate Plaintiff for missed meal and rest periods, as required by Labor Code §§226.7 and the

applicable sections of 8 Code of Regulations §11050 and Industrial Welfare Commission Order No. 5-2001, as follows:

a.     From approximately April 20, 2016 to April 18, 2019, Plaintiff's statutory 30-minute meal periods were missed, interrupted or cut short approximately 3 times per week for 156 weeks, or on approximately 468 days. During this same time period, Plaintiff was deprived of one or more of Plaintiff's statutory 10-minute rest periods on approximately 468 days (3 days per week for 179 weeks).

99.     As alleged herein, Plaintiff is not exempt from the meal and rest break requirements of 8 Code of Regulations §11050 and Industrial Welfare Commission Order No. 5-2001.  Consequently, Plaintiff is owed one hour of pay at Plaintiff's then regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such meal periods, and is owed one hour of pay at Plaintiff's regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such rest periods, calculated as follows:

a.     From approximately April 20, 2016 to April 18, 2019, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 468 separate days.  Consequently, Plaintiff is owed one hour of pay at $16.94 for each day, or $7,927.92, plus interest thereon, for unpaid missed or interrupted meal periods. During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 468 separate days. Consequently, Plaintiff is owed one hour of pay at $16.94 for each day, or $7,927.92, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $15,855.84, plus interest thereon, for unpaid meal and rest periods for this time period.

100.     Plaintiff has been deprived of Plaintiff's rightfully earned compensation for meal and rest breaks as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

101.     Thus, for the entirety of the time periods set forth above, Plaintiff is entitled to recover such amounts in the combined amount of $15,855.84, pursuant to Labor Code §226.7(b), plus interest thereon and costs of suit.

**EIGHTH CAUSE OF ACTION**

**FOR UNFAIR COMPETITION**

**BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.**

**AGAINST ALL DEFENDANTS**

102.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

103.    Defendants' violations of 8 Code of Regulations §11050, Industrial Welfare Commission Order No. 5-2001, Labor Code §§201-203, 226, 226.7, 512, and other applicable provisions, as alleged herein, including Defendants' failure to provide meal and rest breaks, Defendants' failure to provide timely and accurate wage and hour statements, Defendants' failure to pay compensation due in a timely manner upon termination or resignation, and Defendants' failure to maintain complete and accurate payroll records for the Plaintiff, constitute unfair business practices in violation of Business & Professions Code §§17200, et seq.

104.    As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public.  Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

105.    Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and restore to the Plaintiff the overtime compensation and other monies and benefits unlawfully withheld from Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

1.    For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.      For statutory penalties or damages pursuant to Labor Code §558 in the according to proof;

3.      For payment of meal and rest period compensation pursuant to Labor Code §226.7, 512, in the amount of no less than $15,855.84;

4.      For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

5.      For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

6.      For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

7.      For punitive damages, pursuant to Civil Code §§3294 in  amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

8.      For injunctive relief compelling Defendants to report to federal and state authorities wages earned by Plaintiff, and other employees, and pay all state and federal taxes owing, employer matching funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all this in an amount according to the proof;

9.      For restitutionary disgorgement of profits garnered as a result of Defendants' unlawful conduct, misclassification of Plaintiff as an independent contractor, and failure to pay wages and other compensation in accordance with the law;

10.     For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

11.     For post-judgment interest; and

12.     For any other relief that is just and proper.

-20-

1    DATED:  May 26, 2020                    **LAW OFFICES OF RAMIN R. YOUNESSI**
                                             **A PROFESSIONAL LAW CORPORATION**
2

3                                            By:  _____

4                                                 Ramin R. Younessi, Esq.
                                                  Attorney for Plaintiff
5                                                 ALINA MANUKYAN

6                              **JURY TRIAL DEMANDED**

7         Plaintiff demands trial of all issues by jury.

8

9    DATED:  May 26, 2020                    **LAW OFFICES OF RAMIN R. YOUNESSI**
                                             **A PROFESSIONAL LAW CORPORATION**
10

11                                           By:  _____

12                                                Ramin R. Younessi, Esq.
                                                  Attorney for Plaintiff
13                                                ALINA MANUKYAN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CM-010**

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Ramin R. Younessi, Esq. (175020)<br>Law Offices of Ramin R. Younessi, A.P.L.C.<br>3435 Wilshire Boulevard, Suite 2200<br>Los Angeles, California 90010<br>TELEPHONE NO.: (213) 480-6200  FAX NO.: (213) 480-6201<br>ATTORNEY FOR *(Name):* Plaintiff, Alina Manukyan | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

CASE NAME:
Alina Manukyan vs. KinderCare Education At Work LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited    ☐ Limited | | ☐ Counter    ☐ Joinder | | 20STCV20150 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☑ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☐ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 26, 2020

Ramin R. Younessi, Esq.
(TYPE OR PRINT NAME)      ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**Exhibit**

**Page 22 of 52**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

**Exhibit A
Page 23 of 52**

| SHORT TITLE: Alina Manukyan vs. KinderCare Education At Work LLC, et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br><br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Alina Manukyan vs. KinderCare Education At Work LLC, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Alina Manukyan vs. KinderCare Education At Work LLC, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Exhibit A
Page 3 of 4

**Page 26 of 52**

| SHORT TITLE: Alina Manukyan vs. KinderCare Education At Work LLC, et al. | CASE NUMBER |
|---|---|

**Step 4:**  **Statement of Reason and Address**:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:**<br><br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS:<br>16901 Lassen Street |
|---|---|

| CITY:<br>North Hills | STATE:<br>CA | ZIP CODE:<br>91343 |
|---|---|---|

**Step 5:**  **Certification of Assignment:** I certify that this case is properly filed in the <u>Stanley Mosk</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>May 26, 2020</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.   Original Complaint or Petition.

2.   If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.   Civil Case Cover Sheet, Judicial Council form CM-010.

4.   Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.   Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.   A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.   Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/27/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Barel _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV20150 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Michael L. Stern | 62 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 05/28/2020
  (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By M. Barel _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**Exhibit A**
**Page 28 of 52**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF(S):

Alina Manukyan

DEFENDANT(S):

Kindercare Education At Work LLC et al

**ORDER TO SHOW CAUSE HEARING**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

05/29/2020

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ P. Figueroa _____ Deputy

CASE NUMBER:

20STCV20150

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>09/16/2020</u> at <u>9:00 AM</u> in department <u>62</u> of this court, <u>Stanley Mosk Courthouse</u> , and show cause why sanctions should not be imposed for:

[✔]     Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]     To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>05/29/2020</u>

_____

Michael L. Stern / Judge

Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

LACIV 166 (Rev. 09/08)
LASC Approved 06-04

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

**Exhibit A**
**Page 30 of 52**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/29/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ P. Figueroa _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Alina Manukyan | |
| DEFENDANT/RESPONDENT:<br>Kindercare Education At Work LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV20150 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Ramin R. Younessi
Law Ofc Ramin R Younessi, APLC
3435 Wilshire Blvd., Suite 2200
Los Angeles, CA  90010

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>05/29/2020</u>          By:  <u>P. Figueroa</u>
                                              Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Alina Manukyan

DEFENDANT:
Kindercare Education At Work LLC et al

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

05/29/2020

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____P. Figueroa_____ Deputy

### NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
20STCV20150

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 10/28/2020 | Time: 10:00 AM | Dept.: 62 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b) and California Rules of Court, rule 2.2 et seq.

Dated: ___05/29/2020___

_____
Michael L. Stern / Judge
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Ramin R. Younessi
3435 Wilshire Blvd., Suite 2200
Los Angeles, CA 90010

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: ___05/29/2020___

By _P. Figueroa_____
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

**Exhibit A**
**Page 32 of 52**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Alina Manukyan

DEFENDANT/RESPONDENT:
Kindercare Education At Work LLC et al

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

05/29/2020

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ P. Figueroa _____ Deputy

| **CERTIFICATE OF MAILING** | CASE NUMBER: 20STCV20150 |
| --- | --- |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Ramin R. Younessi
Law Ofc Ramin R Younessi, APLC
3435 Wilshire Blvd., Suite 2200
Los Angeles, CA  90010

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 05/29/2020

By:   P. Figueroa
     Deputy Clerk

**CERTIFICATE OF MAILING**

Electronically FILED by Superior Court of California, County of Los Angeles on 06/01/2020 09:33 AM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk

Case 2:20-cv-06125-VAP-AGR   Document 1-1   Filed 07/09/20   Page 34 of 52   Page ID #:45

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KINDERCARE EDUCATION AT WORK LLC, a California limited
liability company; KINDERCARE EDUCATION [see attachment]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ALINA MANUKYAN, an individual,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es:)*  Los Angeles County Superior Court | CASE NUMBER:<br>*(Número del Caso):*<br>20STCV20150 |
|---|---|

Central District
111 N. Hill Street, Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*
 Ramin R. Younessi, Esq.; 3435 Wilshire Boulevard, Suite 2200, Los Angeles, CA 90010; (213) 480-6200

---

| DATE: 06/01/2020<br>*(Fecha)* | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by<br>*(Secretario)*  S. Bolden | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

***Exhibit A***

**Page 34 of 52**

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Alina Manukyan vs. KinderCare Education At Work LLC, et al. | |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

LLC, a Delaware limited liability company; KINDERCARE LEARNING CENTERS, a Delaware limited liability company; and DOES 1 through 20, inclusive,

Page __2__ of __2__

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**Exhibit A**

Electronically FILED by Superior Court of California, County of Los Angeles on 06/17/2020 01:39 PM Sherri R. Carter, Executive Officer/Clerk of Court by A. Mijo, Deputy Clerk

Ramin R. Younessi, Esq. (SBN 175020)
Samvel Geshgian, Esq. (SBN 300470)
Armand Antonyan, Esq. (SBN 308272)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorneys for Plaintiff,
ALINA MANUKYAN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| ALINA MANUKYAN, an individual, | Case No.: 20STCV20150 |
| Plaintiff, | *Assigned to the Honorable Judge Michael L. Stern; Department 62* |
| v. | **NOTICE OF CASE MANAGEMENT CONFERENCE** |
| KINDERCARE EDUCATION AT WORK LLC, a California limited liability company; KINDERCARE EDUCATION LLC, a Delaware limited liability company; KINDERCARE LEARNING CENTERS, a Delaware limited liability company; and DOES 1 through 20, inclusive, | Date: October 28, 2020 Time: 10:00 a.m. Dept: 62 |
| Defendants. | Action Filed: May 27, 2020 Trial Date: None Set |

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that a Case Management Conference has been set in the above-entitled matter for October 28, 2020 at 10:00 a.m. in Department 62 of the above-entitled Court. A copy of the Court's notice is attached as Exhibit A.

DATED: June 16, 2020

**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**

By: _____
Ramin R. Younessi, Esq.
Samvel Geshgian, Esq.
Armand Antonyan, Esq.
Attorneys for Plaintiff
ALINA MANUKYAN

-1-

**Exhibit A**

# EXHIBIT "A"

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

05/29/2020

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____P. Figueroa_____ Deputy

COURTHOUSE ADDRESS:
**Stanley Mosk Courthouse**
**111 North Hill Street, Los Angeles, CA 90012**

PLAINTIFF:
**Alina Manukyan**

DEFENDANT:
**Kindercare Education At Work LLC et al**

### NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
**20STCV20150**

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 10/28/2020 | Time: 10:00 AM | Dept.: 62 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608 (b), and California Rules of Court, rule 2.2 et seq.

Dated: _____05/29/2020_____

_____Michael L. Stern / Judge_____
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Ramin R. Younessi
3435 Wilshire Blvd., Suite 2200
Los Angeles, CA 90010

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: _____05/29/2020_____

By _P. Figueroa_____
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

### NOTICE OF
### CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three
**Exhibit A**
**Page 38 of 52**

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3435 Wilshire Boulevard, Suite 2200, Los Angeles, California 90010.

On June 17, 2020, I served the foregoing document described as **NOTICE OF CASE MANAGEMENT CONFERENCE** on the interested parties in this action as follows:

☒    By placing true copies enclosed in a sealed envelope addressed to each addressee as follows:

KINDERCARE EDUCATION AT WORK   *Defendant*
LLC, a California limited liability company
Agent for Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, California 95833

KINDERCARE EDUCATION LLC, a   *Defendant*
Delaware limited liability company
Agent for Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, California 95833

KINDERCARE LEARNING CENTERS, a   *Defendant*
Delaware limited liability company
Agent for Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, California 95833

☒    BY MAIL:

    ☒    I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing with the U.S. Postal Service.  Under that practice, and in the ordinary course of business, correspondence would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at our business address in Los Angeles, California.  Each of the above envelopes was sealed and placed for collection and mailing on that date following ordinary business practices.

Executed on June 17, 2020, at Los Angeles, California.

☒    STATE     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Yanira Martinez

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| RAMIN R. YOUNESSI LAW OFFICES<br>RAMIN R. YOUNESSI, ESQ. (SBN 175020)<br>3435 WILSHIRE BLVD STE 2200<br>LOS ANGELES, CA 90010<br>    TELEPHONE NO: (213) 777-7777         FAX NO *(Optional):*  (213) 480-6201<br>E-MAIL ADDRESS *(Optional):*  ryounessi@younessilaw.com<br>    ATTORNEY FOR *(Name):*  Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES | |
|---|---|
|  STREET ADDRESS: 111 N HILL ST<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:  LOS ANGELES, 90012<br>   BRANCH NAME:  LOS ANGELES - STANLEY MOSK | |

| PLAINTIFF / PETITIONER:   ALINA MANUKYAN<br>DEFENDANT / RESPONDENT:   KINDERCARE EDUCATION AT WORK LLC, A CALIFORNIA LIMITED LIABILITY<br>COMPANY | CASE NUMBER:<br>20STCV20150 |
|---|---|
| **PROOF OF SERVICE** | Ref. No. or File No.:<br>4592541 (13388) |

1. At the time of service I was 18 years of age and not a party to this action.

2. I served copies of the:
   SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM; FIRST AMENDED GENERAL ORDER; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS; STIPULATION - EARLY ORGANIZATIONAL MEETING; INFORMAL DISCOVERY CONFERENCE; STIPULATION AND ORDER - MOTIONS IN LIMINE; ADR INFORMATION PACKET; STIPULATION - DISCOVERY RESOLUTIONS; RIGHT TO SUE

3. Party served: KINDERCARE EDUCATION AT WORK LLC, A CALIFORNIA LIMITED LIABILITY COMPANY

4. Address where the party was served:
   **2710 GATEWAY OAKS DR
   SACRAMENTO, CA 95833**

5.b.I served the party on: DATE: Jun 11, 2020 TIME: 10:09 am

   I served the party by **personal service. I left the items in item 2 with the defendant personally.**

   I left the documents listed in Item 2 with or in the presence of
   **Kaitlyn Mannix, Agent for Service**

   Physical Description:

6.The "Notice to the Person Served" (on the summons) was completed as follows: KINDERCARE EDUCATION AT WORK LLC, A CALIFORNIA LIMITED LIABILITY COMPANY per CCP 416.10.



| 7.a. ANGELICA LEZAMA (SACRAMENTO, 2015-50)<br>b. C/O Aggressive Legal Services, Inc.<br>4110 Truxel Rd, Suite 150<br>Sacramento, CA 95834<br>c. 877-925-7462<br>d.Fee: $55.00 | e. California Registered Process Server<br>Independent Contractor (not employee)<br>Registration # 2015-50<br>County: SACRAMENTO |
|---|---|

8. I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.
DATE: 06/16/2020

ANGELICA LEZAMA (SACRAMENTO, 2015-50)

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev, Jan 1, 2007]

Code of Civil Procedure, Sec 417.10

Electronically FILED by Superior Court of California, County of Los Angeles on 06/18/2020 07:50 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Panganiban,Deputy Clerk

Case 2:20-cv-06125-VAP-AGR Document 3-1   Filed 07/09/20   Page 41 of 52   Page ID #:52

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | | FOR COURT USE ONLY |
|---|---|---|
| RAMIN R. YOUNESSI LAW OFFICES<br>RAMIN R. YOUNESSI, ESQ. (SBN 175020)<br>3435 WILSHIRE BLVD STE 2200<br>LOS ANGELES, CA 90010 | | |

TELEPHONE NO: (213) 777-7777        FAX NO (Optional): (213) 480-6201
E-MAIL ADDRESS (Optional): ryounessi@younessilaw.com
   ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES
  STREET ADDRESS: 111 N HILL ST
  MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, 90012
  BRANCH NAME: LOS ANGELES - STANLEY MOSK

| PLAINTIFF / PETITIONER: ALINA MANUKYAN | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: KINDERCARE EDUCATION AT WORK LLC, A CALIFORNIA LIMITED LIABILITY COMPANY | 20STCV20150 |

| PROOF OF SERVICE | Ref. No. or File No.:<br>4592550 (13388) |
|---|---|

1. At the time of service I was 18 years of age and not a party to this action.

2. I served copies of the:
   SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM; FIRST AMENDED GENERAL ORDER; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS; STIPULATION - EARLY ORGANIZATIONAL MEETING; INFORMAL DISCOVERY CONFERENCE; STIPULATION AND ORDER - MOTIONS IN LIMINE; ADR INFORMATION PACKET; STIPULATION - DISCOVERY RESOLUTIONS; RIGHT TO SUE

3. Party served: KINDERCARE EDUCATION LLC, A DELAWARE LIMITED LIABILITY COMPANY

4. Address where the party was served:
   2710 GATEWAY OAKS DR
   SACRAMENTO, CA 95833

5. b.I served the party on: DATE: Jun 11, 2020  TIME: 10:09 am

   I served the party by personal service. I left the items in item 2 with the defendant personally.

   I left the documents listed in Item 2 with or in the presence of
   Kaitlyn Mannix, Agent for Service

   Physical Description:

6. The "Notice to the Person Served" (on the summons) was completed as follows: KINDERCARE EDUCATION LLC, A DELAWARE LIMITED LIABILITY COMPANY per CCP 416.10.



7.a. ANGELICA LEZAMA (SACRAMENTO, 2015-50)
b. C/O Aggressive Legal Services, Inc.
4110 Truxel Rd, Suite 150
Sacramento, CA 95834
c. 877-925-7462
d.Fee: $55.00

e. California Registered Process Server
Independent Contractor (not employee)
Registration # 2015-50
County: SACRAMENTO

8. I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.
DATE: 06/16/2020

ANGELICA LEZAMA (SACRAMENTO, 2015-50)

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. Jan 1, 2007]

Code of Civil Procedure, Sec 417.10

**Exhibit A**
**Page 41 of 52**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | | FOR COURT USE ONLY |
|---|---|---|
| RAMIN R. YOUNESSI LAW OFFICES<br>RAMIN R. YOUNESSI, ESQ. (SBN 175020)<br>3435 WILSHIRE BLVD STE 2200<br>LOS ANGELES, CA 90010<br>TELEPHONE NO: (213) 777-7777 FAX NO *(Optional):* (213) 480-6201<br>E-MAIL ADDRESS *(Optional):* ryounessi@younessilaw.com<br>ATTORNEY FOR *(Name):* Plaintiff | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| STREET ADDRESS: 111 N HILL ST | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: LOS ANGELES, 90012 | |
| BRANCH NAME: LOS ANGELES - STANLEY MOSK | |

| PLAINTIFF / PETITIONER: ALINA MANUKYAN<br>DEFENDANT / RESPONDENT: KINDERCARE EDUCATION AT WORK LLC, A CALIFORNIA LIMITED LIABILITY COMPANY | CASE NUMBER:<br>20STCV20150 |
|---|---|
| **PROOF OF SERVICE** | Ref. No. or File No.:<br>4592554 (13388) |

1. At the time of service I was 18 years of age and not a party to this action.

2. I served copies of the:
   SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM; FIRST AMENDED GENERAL ORDER; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS; STIPULATION - EARLY ORGANIZATIONAL MEETING; INFORMAL DISCOVERY CONFERENCE; STIPULATION AND ORDER - MOTIONS IN LIMINE; ADR INFORMATION PACKET; STIPULATION - DISCOVERY RESOLUTIONS; RIGHT TO SUE

3. Party served: KINDERCARE LEARNING CENTERS, A DELAWARE LIMITED LIABILITY COMPANY

4. Address where the party was served:
   2710 GATEWAY OAKS DR
   SACRAMENTO, CA 95833

5.b.I served the party on: DATE: Jun 11, 2020 TIME: 10:09 am

   I served the party by **personal service. I left the items in item 2 with the defendant personally.**

   I left the documents listed in Item 2 with or in the presence of
   **Kaitlyn Mannix, Agent for Service**

   Physical Description:

6.The "Notice to the Person Served" (on the summons) was completed as follows: KINDERCARE LEARNING CENTERS, A DELAWARE LIMITED LIABILITY COMPANY per CCP 416.10.



7.a. ANGELICA LEZAMA (SACRAMENTO, 2015-50)
b. C/O Aggressive Legal Services, Inc.
4110 Truxel Rd, Suite 150
Sacramento, CA 95834
c. 877-925-7462
d.Fee: $55.00

e. California Registered Process Server
Independent Contractor (not employee)
Registration # 2015-50
County: SACRAMENTO

8. I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.
DATE: 06/16/2020

_____
ANGELICA LEZAMA (SACRAMENTO, 2015-50)

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. Jan 1, 2007]

Code of Civil Procedure, Sec 417.10

**Exhibit A**
**Page 42 of 52**

Electronically FILED by Superior Court of California, County of Los Angeles on 07/06/2020 10:58 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez,Deputy Clerk

1   **Rishi Puri**, Bar No. 252718
    purir@lanepowell.com
2   **Kristen L. Price**, Bar No. 299698
    pricek@lanepowell.com
3   **LANE POWELL PC**
    601 SW Second Avenue, Suite 2100
4   Portland, Oregon 97204-3158
    Telephone: 503.778.2100
5   Facsimile: 503.778.2200

6   Attorneys for Defendants

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10

11  ALINA MANUKYAN, an individual,          Case No. 20STCV20150

12                          Plaintiff,      **ANSWER TO COMPLAINT**

13          v.                              Judge:  The Honorable Michael L. Stern
                                            Dept.:   062
14  KINDERCARE EDUCATION AT WORK
    LLC, a California limited liability company;   Complaint Filed:  May 27, 2020
15  KINDERCARE EDUCATION LLC, a Delaware   Trial Date:  None
    limited liability company; KINDERCARE
16  LEARNING CENTERS, a Delaware limited
    liability company; and DOES 1 through 20,
17  inclusive,

18                          Defendants.

19

20          Attorneys for Defendants KinderCare Education At Work LLC, KinderCare Education

21  LLC, and KinderCare Learning Centers ("Defendants") for themselves and no other defendant,

22  hereby respond to the unverified Complaint for Damages filed by Plaintiff Alina Manukyan

23  ("Plaintiff"), and admits, denies and alleges as follows:

24                              **GENERAL DENIAL**

25          Pursuant to Code of Civil Procedure section 431.30, Defendants deny generally and

26  specifically each and every material allegation contained in the Complaint, and each and every

27  alleged cause of action and purported cause of action contained therein, and further specifically

28  deny that Plaintiff has been injured in any sum therein alleged, or in any sum or sums, or at all.

*(left margin, vertical text)* **LANE POWELL PC**  601 SW SECOND AVENUE, SUITE 2100  PORTLAND, OREGON 97204-3158  503.778.2100 FAX 503.778.2200

-1-
ANSWER TO COMPLAINT

130589.2305/8093067.2

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

## SPECIFIC AFFIRMATIVE DEFENSES

Defendants set forth specific affirmative defenses below.  By setting forth the affirmative defenses below, Defendants do not assume the burden of proof that are otherwise the responsibility of Plaintiff to prove.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.     Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action or a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity)

2.     To the extent that Plaintiff's Complaint alleges emotion and/or physical injury, any recovery is barred on the ground that the California Workers' Compensation Act, Cal. Lab. Code § 3200 *et seq.*, provides the exclusive remedy for such alleged injuries.

## THIRD AFFIRMATIVE DEFENSE

### (Same Decision)

3.     Any recovery on Plaintiff's Complaint is barred because Defendants would have made the same decisions or taken the same actions irrespective of Plaintiff's alleged disabilities or alleged protected status.

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith)

4.     Any recovery on Plaintiff's Complaint is barred because any and all actions taken by Defendants with respect to Plaintiff were privileged, and undertaken with good cause, in good faith, or with a good faith belief that good cause existed.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

5.     Any recovery on Plaintiff's Complaint is barred by the doctrine of waiver.

130589.2305/8093067.2

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

### SIXTH AFFIRMATIVE DEFENSE

#### (Estoppel)

6.      Plaintiff is estopped by her conduct from any recovery under the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Laches)

7.      Any recovery on Plaintiff's Complaint is barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

8.      Any recovery on Plaintiff's Complaint is barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

9.      Defendants are informed and believe the Complaint may be barred, in whole or in part, by the applicable statutes of limitations, including but not limited to, California Code of Civil Procedure sections 337, 338, 339, and 343, California Business and Professions Code section 17208, and applicable statutes of limitation contained within the California Labor Code.

### TENTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust – Fair Employment and Housing Act)

10.      Plaintiff's claims under the Fair Employment and Housing Act are barred because Plaintiff has failed to exhaust the applicable administrative prerequisites, including but not limited to administrative remedies pursuant to California Government Code section 12960 *et seq.*, in a timely fashion or at all.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Mandatory Arbitration)

11.      Plaintiff's Complaint, and each cause of action therein, is barred in whole or in part in this forum because such causes of action are subject to mandatory arbitration pursuant to the applicable collective bargaining agreement.

-3-

## TWELFTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

12.     Defendants allege that Plaintiff's claim for violation of California Business and Professions Code section 17200, et seq., and its injunctive and restitution remedies, are barred in light of the fact that Plaintiff has an adequate remedy at law and because Plaintiff is not entitled to injunctive or restitutionary relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute Regarding Payment of Wages)

13.     To the extent any wages are due to Plaintiff, which Defendants deny, there exists a good faith dispute regarding the payment of such wages and accordingly, Plaintiff is not entitled to penalties.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Wages Paid)

14.     Defendants allege that the actual wages paid to Plaintiff, which are the subject of this action, were reasonable, commensurate and appropriate with the services and work actually performed.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Take Meal and/or Rest Periods)

15.     Defendants made Plaintiff aware of her right to take meal and/or rest periods, encouraged Plaintiff to take meal and/or rest periods, and did not require Plaintiff to work during meal and/or rest periods.  Accordingly, Defendants are not liable if Plaintiff failed to take such meal and/or rest periods.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Management Discretion)

16.     Any and all conduct of which Plaintiff complains was a just and proper exercise of management discretion, undertaken for a fair and honest reason, without malice or unlawful motive, and regulated by good faith under the circumstances that existed.

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

-4-

ANSWER TO COMPLAINT

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

17.     Any reasonable accommodation sought by Plaintiff would have posed an undue hardship to Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Endangerment of Health and Safety)

18.     Plaintiff could not perform her essential duties in a manner that would not endanger her health or safety or the health or safety of others, even with reasonable accommodations.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Legitimate Non-Retaliatory Reasons for Actions)

19.     Plaintiff's causes of action are barred, in whole or in part, because Defendants' actions toward Plaintiff were taken for legitimate, non-retaliatory reasons.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Plaintiff Not a Qualified Individual)

20.     Plaintiff could not satisfactorily perform the essential functions of her job with or without reasonable accommodation and thus was not a qualified individual with a disability.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Plaintiff's Failure to Request Reasonable Accommodation)

21.     Any recovery on Plaintiff's Complaint is barred because Plaintiff never requested any reasonable accommodation for any alleged disabilities.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Defendants Engaged in Interactive Process)

22.     Defendants fulfilled their duties and obligation, if any, to engage in an interactive process with Plaintiff.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Plaintiff's Failure to Engage in Interactive Process)

23.     Plaintiff failed to engage in, and caused any breakdown of, the interactive process.

-5-

ANSWER TO COMPLAINT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

24.     If Plaintiff suffered any loss, damage, or detriment as a result of the facts alleged in the Complaint, which Defendants deny, such loss, damage, or detriment is limited or barred by the existence of evidence acquired after Plaintiff's termination that bars or limits the remedial relief to which Plaintiff may have been entitled in the absence of such after-acquired evidence.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Contributory Causation)

25.     Plaintiff's damages, if any, were proximately caused, and contributed to, by Plaintiff's own negligence and/or intentional acts or omissions, and Plaintiff's recovery, if any, must thereby be reduced in proportion to Plaintiff's conduct.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

26.     If Plaintiff suffered any damages as a result of the facts alleged in the Complaint, which Defendants deny, Plaintiff is not entitled to recover the amount of damages alleged, or any damages due to her failure to make reasonable efforts to mitigate or minimize the damages incurred.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Oppression, Fraud or Malice)

27.     Plaintiff is not entitled to recover any punitive damages alleged in the Complaint because any acts, or omissions to act, by Defendants were not the result of oppression, fraud, or malice as such terms are defined by California Civil Code section 3294.

## TWENTY- EIGHTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Punitive Damages)

28.     Plaintiff is not entitled to recover any punitive damages to the extent such an award would violate Defendants' rights under the Constitutions of the United States and the State of California, including Defendants' rights to procedural and substantive due process, and protection from excessive fines.

130589.2305/8093067.2

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

29.     Defendants are entitled to recover all costs and attorneys' fees incurred herein pursuant to California Government Code section 12965, California Code of Civil Procedure section 128.7 and/or any other applicable law or rule, inasmuch as any and all of the claims alleged in Plaintiff's Complaint are frivolous, unreasonable or without foundation.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Lack of Knowledge)

30.     To the extent that any unlawful conduct occurred, which Defendants deny, Defendants were not aware of Plaintiff's purported complaints of unlawful conduct.  Accordingly, Plaintiff's causes of action are barred, in whole or in part, or alternatively, her relief is limited.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Offset)

31.     If Plaintiff sustained any damage as a result of the conduct alleged in the Complaint, which Defendants deny, then Defendants are entitled to an offset to the extent Plaintiff received income from other sources, including, but not limited to, any workers' compensation benefits paid to Plaintiff.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Outside the Scope of Authority)

32.     If any manager or supervisor authorized, required, requested, suffered, or permitted any employee to do anything illegal or unlawful, or retaliated against Plaintiff, such supervisor or manager acted outside the scope of his or her employment with Defendants.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

33.     Defendants presently have insufficient knowledge or information on which to form a belief as to whether Defendants may have additional, as yet unstated, defenses available. Defendants reserve the right to assert additional defenses in the event discovery indicates that additional affirmative defenses are appropriate.

## **PRAYER**

WHEREFORE, Defendants pray as follows:

1.     That judgment be awarded in favor of Defendants and against Plaintiff, and that the Complaint herein be dismissed in its entirety with prejudice;

2.     That Plaintiff take nothing by way of her Complaint;

3.     That Defendants be awarded their costs of suit;

4.     That Defendants be awarded reasonable attorneys' fees under California Government Code section 12965; and

3.     For such other and further relief as the Court may deem just and proper.

DATED:  July 6, 2020

LANE POWELL PC

By_____
      Rishi Puri, Bar No. 252718
      Kristen L. Price, Bar No. 299698
Attorneys for Defendants

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX 503.778.2200

-8-
ANSWER TO COMPLAINT

**PROOF OF SERVICE**

*Alina Manukyan v. KinderCare Education At Work, et al.*

Case No. 20STCV20150

I am a citizen of the United States and employed in Multnomah County, Oregon.  I am over the age of eighteen years and not a party to the within action.  My business address is:  Lane Powell PC, 601 SW Second Avenue, Suite 2100, Portland, Oregon 97204.

On July 6, 2020, I served the following document(s):

**ANSWER TO COMPLAINT**

☐  **(BY E-SERVICE)** By uploading the document(s) to electronic filing service provider (EFSP) One Legal, LLC's e-filing system.  In accordance with the Court's rules, EFSP One Legal, LLC will send e-mail notification of such filing to the person(s) at the address(es) set forth below through the e-service system:

☑  **(BY REGULAR MAIL)** By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the designated area for outgoing mail at Portland, Oregon, to the following person(s) at the address(es) set forth below.  I am familiar with Lane Powell PC's practice whereby each document is placed in an envelope, sealed, postage is placed thereon, and the sealed envelope is placed in the office mail receptacle.  The mail is collected and deposited in a United States Postal mailbox at or before the close of business each day.

> Ramin R. Younessi
> Law Offices of Ramin R. Younessi
> A Professional Law Corporation
> 3435 Wilshire Boulevard, Suite 2200
> Los Angeles, California 90010

☐  **(BY E-MAIL/ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused a true copy to be sent electronically to the e-mail address(es) set forth below:

☐  **(BY FACSIMILE)** By transmitting, pursuant to C.R.C. Rule 2008, a true copy thereof via facsimile transmission to the facsimile telephone number referenced at the address set forth below.  The transmission was reported as complete and without error and a copy of the transmission report, which was properly issued by the transmitting facsimile machine, is attached hereto.

☐  **(BY PERSONAL SERVICE)** By having a messenger personally deliver a true copy thereof to the person(s) and/or office of the person(s) at the address set forth below:

☐  **(BY OVERNIGHT EXPRESS DELIVERY)**:  I complied with Code of Civil Procedure § 1013(c), by delivering a true copy thereof to: ☐ U.S. Postal Express Mail; ☐ UPS Overnight Mail; ☐ Federal Express Overnight Service to be delivered to the person(s) set forth below:

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX 503.778.2200

-1-

1    ☑    **(STATE)**          I declare under penalty of perjury under the laws of the State of California that the above is true and correct to the best of my knowledge.

2

3          Executed on this 6th day of July, 2020.

4

5                                                  _Elizabeth Pinkley_
                                                   _____
6                                                  Elizabeth Pinkley

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX 503.778.2200

-2-
PROOF OF SERVICE