Ramin R. Younessi (SBN 175020)
ryounessi@younessilaw.com
Samvel Geshgian (SBN 300470)
sgeshgian@younessilaw.com
Armand Antonyan (SBN 308272)
aantonyan@younessilaw.com
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd. Suite 2200
Los Angeles, CA  90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorneys for Plaintiff
ALINA MANUKYAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALINA MANUKYAN, an individual,<br><br>                    Plaintiff,<br><br>     v.<br><br>KINDERCARE EDUCATION AT WORK LLC, a California limited liability company; KINDERCARE EDUCATION LLC, a Delaware limited liability company; KINDERCARE LEARNING CENTERS, a Delaware limited liability company; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No. 2:20-cv-06125 VAP (AGRx)<br><br>[Assigned for all purposes to the Honorable Judge Virginia A. Phillips]<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER REMANDING ACTION TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES;**<br><br>**DATE:  November 16, 2020**<br>**TIME:   2:00 p.m.**<br>**CTRM: 8A**<br><br>State Court Action Filed:  May 27, 2020<br>Notice of Removal Filed:  June 9, 2020 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE** that on November 16, 2020 at 2:00 p.m. or as soon thereafter as the matter may be heard in Courtroom 8A of the United States District Court for the Central District of California located at 350 West 1st Street, Los Angeles, California, 90012, Plaintiff Alina Manukyan ("Plaintiff" herein) will move this Court for an order remanding this action to the Los Angeles County Superior Court of the State of California.

This motion is made pursuant to 28 U.S.C. § 1447(c), on the grounds that Defendants KinderCare Education at Work LLC, KinderCare Education LLC, and KinderCare Learning Centers, LLC (hereafter collectively referred as "KinderCare" or "Defendants") have failed to meet their burden of establishing that the amount in controversy exceeds $75,000, mandating remand of this action to the Los Angeles County Superior Court.

This motion is based upon this notice, the attached Memorandum of Points and Authorities, Declarations of Armand Antonyan and Alina Manukyan, the court's file, and upon such further evidence and argument that may be presented at the hearing on this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 31, 2020. Parties continued their meet and confer efforts until August 10, 2020.  [Antonyan Decl., ¶ 3.]

Respectfully submitted,

DATED: October 6, 2020          **LAW OFFICES OF RAMIN R. YOUNESSI, A PROFESSIONAL LAW CORPORATION**

By:    -S- *SAMVEL GESHGIAN*
       RAMIN R. YOUNESSI, ESQ.
       SAMVEL GESHGIAN, ESQ.
       ARMAND ANTONYAN, ESQ.
       Attorneys for Plaintiff
       ALINA MANUKYAN

# **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................1

II. STANDARD OF REVIEW ....................................................................................2

III. DEFENDANTS FAILED TO MEET THEIR BURDEN TO ESTABLISH DIVERSITY JURISDICTION ...............................................................................4

    A. Defendants' Estimate of Plaintiff's Economic Damages Are Grounded on Speculation and Irrelevant Calculations Because Plaintiff Has been on Disability Leave Since April 18, 2019 ..........................................................5

    B. Defendant's Evaluation of Plaintiff's Non-Economic Damages Is Devoid of Evidentiary Value ............................................................................7

    C. Defendants Provide No Evidentiary Support for Plaintiff's Claim for Attorney's Fees .............................................................................................9

    D. Defendant's Assessment of Plaintiff's Punitive Damages is Likewise Lacking in Evidentiary Support ...................................................................11

V. CONCLUSION ....................................................................................................12

# TABLE OF AUTHORITIES

Cases

*Abrego Abrego v. The Dow Chemical Co.*
    443 F.3d 676 (9th Cir.2006) .................................................................. 2, 3, 9

*Canova v. NLRB*
    708 F.2d 1498 (9th Cir.1983) ....................................................................... 6

*Conrad Associates v. Hartford Acc. & Indem. Co.*
    994 F.Supp. 1196 (N.D.Cal.,1998) ............................................................ 8, 9

*Dawson v. Richmond Am. Homes of Nevada, Inc.*,
    2013 WL 1405338, (D. Nev. 2013) ............................................................... 8

*Dukes v. Twin City Fire Ins. Co.*,
    (D.Ariz. 2010) 2010 WL 94109 .................................................................. 10

*EEOC v. Timeless Invs., Inc.*,
    734 F.Supp.2d 1035, 1059 (E.D.Cal. Aug.13, 2010) ...................................... 6

*Emrich v. Touche Ross & Co.*
    846 F.2d 1190 (9th Cir. 1988) ....................................................................... 2

*Faulkner v. Astro–Med, Inc.*,
    1999 WL 820198 (N.D. Cal. 1999) ............................................................. 10

*Fortescue v. Ecolab Inc.*
    2014 WL 296755 (C.D. Cal. 2014) ........................................................... 9, 10

*Gaus v. Miles, Inc.*,
    980 F.2d 564 (9th Cir.1992) ..................................................................... 2, 3, 5

*Green v. Party City Corp.*,
    2002 WL 553219, (C.D. Cal. Apr. 9, 2002) ................................................. 10

*Hartman v. Duffey*
    8 F.Supp.2d 1 (D.D.C.1998) ......................................................................... 6

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*
    199 F.Supp.2d 993 (C.D.Cal.2002) ............................................................... 3

*Lowdermilk v. US Bank National Ass'n*
    479 F. 3d 994 (9th Cir.2007) ......................................................................... 5

*Matheson v. Progressive Specialty Ins. Co.*
    319 F.3d 1089 (9th Cir.2003) ......................................................................... 3

*Melendez v. HMS Host Family Restaurants, Inc.*,
    No. CV 11-3842, 2011 WL 3760058, (C.D. Cal., Aug. 25, 2011) .................. 6

*Miranti v. Lee*,
    3 F.3d 925, 928 (5th Cir. 1993) ................................................................... 10

*Mireles v. Wells Fargo Bank, N.A.*,
   845 F.Supp.2d 1034 (C.D. Cal. 2012) ............................................................. 8

*Palomino v. Safeway Ins. Co.*
   2011 WL 3439130 (D.Ariz.2011) ................................................................. 10

*Simmons v. PCR Technology*
   209 F.Supp.2d 1029 (N.D. Cal.2002) ....................................................... 9, 11

*Singer v. State Farm Mut. Auto. Ins. Co.*
   116 F.3d 373 (9th Cir.1997) ........................................................................ 3, 4

*Starceski v. Westinghouse Electric Corp.*
   54 F.3d 1089 (3d Cir.1995) ............................................................................. 6

*State Farm Mut. Auto. Ins. Co. v. Campbell*
   538 U.S. 408 (2003) ........................................................................................ 3

*Steel Co. v. Citizens for a Better Environment,*
   523 U.S. 83 (1983) .......................................................................................... 2

*Walton v. AT & T Mobility*
   2011 WL 2784290 (C.D.Cal.2011) .............................................................. 10

<u>Statutes</u>

28 U.S.C. § 1332(a)(1) ............................................................................................. 3

28 U.S.C. § 1446(c)(2) ............................................................................................. 3

28 U.S.C. § 1447(c) .................................................................................................. 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Alina Manukyan ("Plaintiff" herein) brought this employment disability discrimination action against her joint employers, Defendants KinderCare Education at Work LLC, KinderCare Education LLC, and KinderCare Learning Centers, LLC (hereafter collectively referred as "KinderCare" or "Defendants") in the Los Angeles County Superior Court. Defendants improperly removed this matter on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Defendants have not met the "amount in controversy" requirement.[1] Relying overwhelmingly on conjecture and improperly on purported damages that lack any modicum of specificity, Defendants contend that Plaintiff's claims surpass the $75,000 jurisdictional threshold.

First, Defendants' economic damages calculation is legally and factually untenable because Defendants make no effort to calculate Plaintiff's economic damages. Indeed, Defendants do not even delineate what amounts are attributable to compensatory damages. Instead, Defendants merely assert that "in 2018, Plaintiff's gross pay was approximately $29,421" without any calculation as to how that amount relates to Plaintiff's claims for lost wages. Moreover, Plaintiff was on temporary total disability between April 18, 2019 and July 3, 2019, and worked part time, *with Defendants* between July 24, 2019 and December 19, 2019, before going back on disability, arguably reducing Plaintiff's past wage loss to a <u>maximum</u> amount of **$9,234.67**.

Second, Plaintiff's damages are considered at the time of removal and any projections beyond that point are wholly speculative and should be disregarded.

Third, Defendants have offered ***no evidence*** supporting their contention that the amount in controversy will likely exceed $75,000. Instead, Defendants rely on inapposite

---

[1] Plaintiff is not disputing diversity of citizenship at this time.

-1-
MOTION TO REMAND ACTION TO STATE COURT

and/or non-binding judicial decisions to buoy their position, which involve different types of claims and/or very different fact patterns.

Finally, removal was objectively unreasonable under 28 U.S.C. § 1446(c), because Defendants failed to submit a single declaration from their custodian of records to authenticate Plaintiff's wages at the time of her employment, the amount(s) of vested benefits Plaintiff had, and to account for any mitigation. Instead, the Notice of Removal is supported by mere speculation and conjecture by Defendants' attorneys without any admissible evidence. *Defendants do not even make an effort to allocate any specific amount to any category of damages*.

Accordingly, this matter should be remanded to state court.

## II. STANDARD OF REVIEW

It is well-established that a federal court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *Steel Co. v. Citizens for a Better Environment*, (1983) 523 U.S. 83, 94. In the removal context, a district court must remand a case to state court if, **at any time before final judgment**, the court determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). District courts must construe the removal statutes strictly against removal, and resolve any uncertainty in favor of remanding the case to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

The Ninth Circuit has consistently held that "the strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. at 566-567 (internal citation omitted). ["Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"]. See, also *Emrich v. Touche Ross & Co.*, (9th Cir.1988) 846 F.2d 1190, 1195 ["The burden of establishing federal jurisdiction is upon the party seeking removal"]; *Abrego Abrego v. The Dow Chemical Co.*, (9th Cir.2006) 443 F.3d 676, 684 (per curiam) [noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"]. As such, any doubts are resolved in favor of remand. *Gaus*, 980 F.2d at

566-567 ["Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"].

Diversity jurisdiction grants district courts, "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Generally, when removal is on the basis of diversity jurisdiction, the sum demanded in the initial complaint shall be deemed the amount in controversy.  28 U.S.C. § 1446(c)(2).

However, in cases where "the amount in controversy is in dispute and where it is unclear from the plaintiff's complaint whether the plaintiff is seeking more than [$75,000], the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount," by a preponderance of the evidence, through admissible, summary-judgment type of evidence. *Abrego Abrego* 443 F.3d at 690; *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, (C.D. Cal.2002) 199 F.Supp.2d 993, 1001  ["If the amount in controversy is not clear on the face of the complaint… defendant must...submit summary-judgment type evidence to establish that the actual amount in controversy exceeds" the applicable threshold (internal quotations omitted)].  The district court may consider "facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  *Matheson v. Progressive Specialty Ins. Co.*, (9th Cir. 2003) 319 F.3d 1089, 1090  [quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, (9th Cir. 1997) 116 F.3d 373, 377].  "Conclusory allegations as to the amount in controversy are insufficient." *Matheson*, 319 F.3d at 1090-1091

Here, Defendants have failed to produce **any evidence, whatsoever** establishing that removal is proper.  Defendants simply submit a declaration by Defendants' attorney, which includes no evidence of Plaintiff's wages, earnings, or benefits in order for this Court and Plaintiff to decipher exactly how much is allocated to economic and/or non-economic damages. [*See* Dkt. 3, Defendant's Notice of Removal ("Ntc. of Removal"), Declaration of Kristen L. Price, generally.] No paystubs, payroll documents or other

1  "summary judgment-type evidence" has been offered in support of Defendants' amount
2  in controversy argument.  Instead, Defendants provided, *at best*, conjecture and
3  speculation.

### III. DEFENDANTS FAILED TO MEET THEIR BURDEN TO ESTABLISH DIVERSITY JURISDICTION

Defendants' Notice of Removal allocates *a single paragraph* to the amount in controversy requirement to establish diversity jurisdiction.  However, Defendants did not even bother to tally the amounts they erroneously allocated to loss of income, penalties and meal and rest breaks. [*See* Dkt. 1, Ntc. of Removal Pp. 3-4, ¶ 2(f).].  Presumably, Defendants have allocated $29,421.00 in lost wages, $1,050.00 in Labor Code §558 penalties, and $15,855.84 in meal and rest break premiums.  Then Defendants make the outrageous conclusion that "[t]he alleged loss of this income, penalties, and missed rest/meal period compensation, in addition to the value of any benefits allegedly lost and interest thereon brings the amount in controversy beyond the jurisdictional minimum." *Id*. However, the only amounts actually submitted to this Court add up to only $46,326.84. Defendants do not even bother explaining where the remaining $28,673.16 came from.

Indeed, outside of the Labor Code violations submitted by Defendants, which add up to a mere $16,905.84, Plaintiff has not specified the amount of damages being sought. [*See* Dkt. 3, Ntc. of Removal, Price Decl. Exhibit A.]  In this instance, the 9th Circuit has explained, "If the amount in controversy is not clear on the face of the complaint… defendant must do more than point to a state law that might allow above the jurisdictional minimum.  Rather, the 'defendant must submit 'summary-judgment-type evidence to establish that the actual amount in controversy exceeds $75,000.00.  *Singer* 116 F.3d at 377.

Here, Defendants cannot establish the amount in controversy because they failed to submit admissible, summary judgment-type evidence to meet their burden that the amount in controversy exceeds $75,000.  In fact, Defendants have submitted <u>no evidence</u> at all.  The notice of removal is not supported by a single declaration from a custodian of

1  records, or even a representative of Defendants, to authenticate Plaintiff's wages. [*See*
2  Ntc. of Removal, generally.] Instead, Defendants offer Plaintiff's "gross pay" from 2018
3  and Labor Code penalties, then brazenly proceed to speculate that the amount in
4  controversy exceeds $75,000 with <u>no supporting evidence</u>. [*See* Ntc. of Removal ¶ 2(f).]
5       A court "cannot base [a finding of] jurisdiction on a [d]efendant's speculation and
6  conjecture." *Lowdermilk v. US Bank National Ass'n*, (9th Cir.2007) 479 F. 3d 994, 100.
7       Moreover, as shown below, Defendants' arguments that Plaintiff's claimed past
8  wage loss, attorney's fees, emotional suffering, punitive damages and other unspecified
9  damages are within this Court's jurisdictional threshold, are based on nothing more than
10 unsupported and inappropriate assumptions that do not constitute evidence.

     **A.**    **Defendants' Estimate of Plaintiff's Economic Damages Are Grounded on Speculation and Irrelevant Calculations Because Plaintiff Has been on Disability Leave Since April 18, 2019**

14      Defendants failed to provide *any evidence*—all of which is in its own possession—
15 from which the Court could confirm the accuracy of the amount it has proffered. [*See*
16 Dkt. 1, Ntc. of Removal ¶ 2(f), generally.]  Indeed, Defendants' unsubstantiated
17 assertions, untethered to any evidence, cannot satisfy the amount in controversy.
18 *See Gaus*, 980 F.2d at 567 (remanding for lack of diversity jurisdiction where defendant
19 "offered no facts whatsoever ... [to] overcome[ ] the strong presumption against removal
20 jurisdiction, nor satisf[y] [defendant's] burden of setting forth ... the underlying
21 facts supporting its assertion that the amount in controversy exceeds [the statutory
22 threshold].") (internal quotations omitted). *Id.*
23      The same reasoning applies in this case.  Plaintiff did not allege a specific amount
24 in past lost wages.  [Complaint, ¶ 41 and Prayer ¶ 1.]   This Court also should not accept
25 Defendants' estimate of Plaintiff's wages without *any evidence whatsoever*. Presumably,
26 Defendants estimate Plaintiff's back pay to equal "Plaintiff's gross pay" in 2018 of
27 $29,421.00 [*See* Dkt. 1, Ntc. of Removal at P.3, ¶ 2(f).] This amount is wholly irrelevant,
28 and Defendants know this. However, even assuming *arguendo*, that this number is

-5-
MOTION TO REMAND ACTION TO STATE COURT

accurate, Defendants still failed to account for the part-time work Plaintiff engaged in *for Defendants,* Plaintiff's period of disability, and the disability payments Plaintiff received from Defendants' own insurer.

'[A]s a general rule, [a wrongfully discharged employee] will not be allowed back pay during any periods of *disability* ' and 'an employer who has [committed a wrongful discharge] need not reimburse the plaintiff for salary loss attributable to the plaintiff and *unrelated to the* [*discharge*].' " (*Starceski v. Westinghouse Electric Corp.* (3d Cir. 1995) 54 F.3d 1089, 1100–1101, italics added.  *Hartman v. Duffey* 8 F.Supp.2d 1, 5 (D. D.C. 1998) ["back pay is cut off by death, disability, retirement, or voluntary departure from the workforce"].) In short, "an employer is not liable for backpay during periods that an improperly discharged employee is unavailable for work due to a disability." (*Canova v. NLRB* 708 F.2d 1498, 1505 (9th Cir.1983); accord, *EEOC v. Timeless Invs., Inc.,* 734 F.Supp.2d 1035, 1059 (E.D. Cal. Aug.13, 2010)

Plaintiff was placed on temporary total disability from April 18, 2019 through July 3, 2019. [Manukyan Decl. ¶¶ 2-3, Exh. A, B.] Therefore, Plaintiff's past economic losses cannot begin until July 3, 2019, at the earliest, when Plaintiff was taken off of temporary total disability and, instead given restrictions to return to work. [Manukyan Decl. ¶ 3, Exh. B.]  Further, *between July 24, 2019 and December 19, 2019, Plaintiff returned to work for Defendants on a part-time basis as an accommodation for Plaintiff's disability.* Plaintiff earned her regular hourly wage of $16.94 per hour, but only worked 12 hours per week, earning a total of $4,268.88. [Manukyan Decl. ¶ 4.]

Moreover, Defendants fail to account for disability benefits Plaintiff received during her period of disability which stretched from July 24, 2019 through to the date of Defendants' Notice of Removal.  *Melendez v. HMS Host Family Restaurants, Inc.,* No. CV 11-3842, 2011 WL 3760058, at *2 (C.D. Cal., Aug. 25, 2011) [remanding case where amount in controversy was not met after reducing potential lost wages by the amount of disability benefits plaintiff received].

1     Between July 24, 2019 and January 14, 2020, Plaintiff received $254.12 per week
2 in disability benefits. Between January 15, 2020 and the date of removal, Plaintiff
3 received $390.62 per week in disability benefits. The total amount Plaintiff received in
4 disability benefits from July 24, 2019 through July 9, 2020 totals $16,484.12 [($390.62
5 per week x 26 weeks) + ($253.12 per week x 25 weeks)]. [Manukyan Decl. ¶5, Exh. C.]
6 Adopting Defendants' stated "gross pay" amount of 29,421 proffered in their Notice of
7 Removal for the 2018 calendar year, and extrapolating a 53 week period therefrom, (to
8 account for the period from July 3, 2019, when Plaintiff was taken off of temporary total
9 disability, and the date of removal) totals $29,986.79 ($29,421 ÷ 52 weeks x 53 weeks).
10 Plaintiff was paid a total of $16,484.12 in disability benefits, and earned $4,268.88
11 working part-time for Defendants, totaling $20,752.12. Accordingly, Plaintiff's
12 economic damages <u>could not exceed $9,234.67 [$29,986.79 - $20,752.12</u>.]
13     Defendants do not address future lost wages. Consequently, Plaintiff need not
14 address this issue. To the extent Defendants do raise the issue of future lost wages,
15 Plaintiff has submitted evidence that she has been on total disability leave from June 16,
16 2020, to present. [Manukyan Decl. ¶6, Exh. D.] Accordingly, under *Starceski* and
17 *Hartman*, unless Plaintiff can establish that her disability leave was caused by
18 Defendant's conduct, neither backpay nor front pay will be allowed during the periods of
19 disability.
20     Left with an economic damage estimate of **$9,234.67**, at the high end, Defendants
21 have failed to prove by a preponderance of the evidence that Plaintiff's wage loss
22 exceeds, or even approaches, the jurisdictional threshold.
23
24     B.     **<u>Defendant's Evaluation of Plaintiff's Non-Economic Damages Is Devoid of Evidentiary Value</u>**
25
26     Although Defendants do not specify the type of damages it presents its three
27 proffered cases for, presumably they are submitted to support their claim that Plaintiff's
28 general damages bring this case over the jurisdictional minimum. Defendants' reliance

on jury verdicts which are inapposite to the case at bar is misplaced. [*See* Dkt. 3, Ntc. of Removal, Price Decl. Exhibit F.] Specifically, the cases cannot be used for determining the amount of Plaintiff's general damages because Defendants made no effort to compare the facts in each case to those in this one (*Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F.Supp. 1196, 1201 (N.D. Cal. 1998)) Moreover, none of the cases cited by the Defendants involve a Plaintiff whose economic damages are arguably less than $10,000. Indeed, one of the cases cited by Defendants, *Jeanette Ortiz vs. Chipotle Mexican Grill Inc.*, 2018 WL 7050891 (Fresno Cty. Sup.Ct.), from an unrelated jurisdiction, includes $1.9 million dollars in lost past and future wages. [*See*, Dkt. 3, Ntc. of Removal, Price Decl. Exhibit F.] Accordingly, any argument that a jury will grant general damages for any amount above Plaintiff's economic damages is completely speculative and should not be considered.

Further, Defendants fail to provide any analogous cases with substantially similar factual scenarios that might guide the court as to the amount of emotional distress damages that might be recovered in this case. [*See*, Dkt. 3, Ntc. of Removal, Price Decl. Exhibit F.]; see also *Mireles v. Wells Fargo Bank, N.A.*, 845 F.Supp.2d 1034, 1055 (C.D. Cal. 2012) (remanding where defendants "proffer[ed] no evidence that the lawsuits and settlements alleged in the complaint are factually or legally similar to plaintiffs' claims."); *Dawson v. Richmond Am. Homes of Nevada, Inc.*, 2013 WL 1405338, *3 (D. Nev. 2013) (remanding where defendant "offered no facts to demonstrate that the [proffered analogous] suit is factually identical [to plaintiffs' suit.]"). For example, *Jane Doe v. Doe Company*, 2010 WL 9447047 (los Angeles Cty. Sup. Ct.) is a case involving an employer's failure to extend FMLA and CFRA leave for a cancer patient; *Gerald HAckmon v. The City of Los Angeles*, 2001 WL 36513096, (los Angeles Cty. Sup. Ct.) is a case involving an employer defendant attempting to preclude a plaintiff from exercising his right to apply for an early retirement buy-out package; and *Ortiz*, is a defamation case. [Dkt. 3, Ntc. of Removal, Price Decl. Exhibit F.]

Defendants have failed to present any factual basis or "summary judgment-type" evidence on the issue of general damages (or non-economic damages) and has therefore failed to carry its burden of establishing, by a preponderance of the evidence, that Plaintiff's general damages will bring her case over this Court's jurisdictional monetary minimum. Speculation and conjecture are not enough. However, even assuming, *arguendo*, that Defendants' proffered cases were analogous, which they are not, Defendants still fail to explain how these cases factor into the case at bar. Instead, Defendants merely state that "a brief survey of verdicts and/or settlements in employment discrimination cases in Los Angeles County and the surrounding counties revealed a number of cases in which the plaintiff recovered in excess of $75,000." [*See* Dkt. 1, Ntc. of Removal at P.4, ¶ 2(f).] This leaves the Court with no way of knowing how these cases would apply to the case at bar, or for what category of damages the cases are being submitted to support.

### C. Defendants Provide No Evidentiary Support for Plaintiff's Claim for Attorney's Fees

As with a plaintiff's wage loss, only attorney's fees incurred up to the time the case has been removed are counted toward the amount-in-controversy threshold. *Simmons v. PCR Technology*, (N.D. Cal. 2002) 209 F.Supp.2d 1029, 1035; see also, *Conrad Associates* 994 F.Supp. at 1199.

Regarding Attorneys' fees, *Fortescue v. Ecolab Inc.,* (C.D. Cal. 2014) 2014 WL 296755 , a FEHA and wrongful termination case, is instructive. In *Fortescue*, the court determined that "the better view is that attorneys' fees incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal." *Id*. at *3 [citing *Dukes v. Twin City Fire Ins. Co.*, 2010 WL 94109, *2 (D. Ariz. 2010) [citing *Abrego Abrego* 443 F.3d at 690 ).] "Indeed, '[f]uture attorneys' fees are entirely speculative, may be avoided, and are therefore not 'in controversy' at the time of removal." *Id*.; *Palomino v. Safeway Ins. Co.*, (D. Ariz. 2011) 2011 WL 3439130,

*2 ["This court agrees with the Seventh Circuit and concludes that the better view is that attorneys' fees incurred after the date of removal are not properly included in calculating the jurisdictional amount".] See also, *Faulkner v. Astro–Med, Inc.*, 1999 WL 820198, * 2 (N.D. Cal. 1999) ("When estimating attorney's fees for the purposes of establishing jurisdiction, the only fees that can be considered are those incurred as of the date of removal," citing *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993)); *Green v. Party City Corp.*, 2002 WL 553219, *2 & n. 3 (C.D. Cal. Apr. 9, 2002) (calculating attorneys' fees based "only [on] work done by plaintiff's counsel prior to removal").

The defendant in *Fortescue* provided no evidence of the amount of attorney's fees that were incurred at the time of removal and consequently failed to show, "by a preponderance of the evidence that the inclusion of attorney's fees would cause the amount in controversy to reach the $75,000 threshold." *Id*, at *3. See also, *Walton v. AT & T Mobility*, (C.D. Cal. 2011) 2011 WL 2784290, *2 (Declining to reach the issue of whether future attorney's fees could be considered in the amount in controversy because the defendant, "did not provide any factual basis for determining how much attorney's fees have been incurred thus far and will be incurred in the future[, and] [b]ald assertions are simply not enough.").

Here, Defendants have presented no factual basis for the amount of attorneys' fees that were incurred at the time of removal and consequently, has failed to show, by a preponderance of the evidence that inclusion of said fees would cause the amount in controversy to reach the $75,000 threshold. Defendants have also failed to present any factual basis for attorneys' fees into the future. Indeed, Defendants have submitted no evidence as to how much the attorney's fees would be through the removal date or how much in attorneys' fees are required to bring this case over the jurisdictional threshold. [*See* Dkt. 1, Ntc. of Removal at P.3, ¶ 2(f).]

Since Defendants have proffered *no factual basis* or *summary judgment-type evidence* to establish the amount of attorney's fees, Plaintiff has or may have incurred as of the time Defendants sought to remove this action, Defendants have failed to

demonstrate that Plaintiff's attorney's fees bring this case within or beyond the $75,000 jurisdictional minimum.

### D. Defendant's Assessment of Plaintiff's Punitive Damages is Likewise Lacking in Evidentiary Support

With respect to punitive damages, Defendants have once again furnished no supporting evidence to buoy their total amount in controversy assessment. [*See* Dkt. 1, Ntc. of Removal at P.3, ¶ 2(f).] *Simmons,* 209 F.Supp.2d at 1033. Nor have Defendants even attempted to offer an estimate of what the punitive damages might be, or a generally accepted mechanism or formula pursuant to which these damages may be estimated. Defendants simply contend that "Plaintiff is further seeking punitive damages […]." Defendants do not even cite a single case in support of this assertion with any factual or legal comparison(s) to Plaintiff's claims. [*See* Dkt. 1, Ntc. of Removal at P.3, ¶ 2(f).] Such sweeping general statements do not constitute evidence of any monetary amount to satisfy the amount in controversy requirement.

In *Simmons,* 209 F.Supp.2d at 1033, the Court acknowledged that punitive damages may be included when recoverable by law when determining the amount in controversy, but also stated that the defendant <u>must submit evidence</u> on what the amount attributable to this element may be. Specifically, the *Simmons* Court suggested providing evidence of jury verdicts in cases involving analogous facts, which the defendant in that case had actually done. *Id.* at 1033-1034. In sharp contrast to those facts, Defendants have submitted nothing, not even an amount attributed to this category of damages.

Based on what Defendants have presented, Defendants have failed to establish that Plaintiff's punitive damages claim will bring this case over this Court's jurisdictional minimum. Given Plaintiff's actual wage loss of $9,234.67, and Labor Code damages of $16,905.84, Defendants would need Plaintiff's emotional distress damages and punitive damages to equal at least $48,859.49 in order to bring the total amount in controversy to $75,000.00.

Pursuant to the above authorities, Plaintiff respectfully requests that this Court remand this matter to the Los Angeles County Superior Court.

## V. **CONCLUSION**

Defendants improperly removed this action by failing to submit admissible evidence to support the assumptions on which the amount in controversy is calculated, and instead offered little more than rank speculation. It was Defendants' burden to establish the propriety of diversity jurisdiction and rebut the strong presumption against it, and all doubts must be resolved in favor of remanding this action to state court. Accordingly, Plaintiff's motion to remand should be granted.

Respectfully submitted,

DATED: October 6, 2020

**LAW OFFICES OF RAMIN R. YOUNESSI, A PROFESSIONAL LAW CORPORATION**

By:   *-S-SAMVEL GESHGIAN*
RAMIN R. YOUNESSI, ESQ.
SAMVEL GESHGIAN, ESQ.
ARMAND ANTONYAN, ESQ.
Attorneys for Plaintiff
ALINA MANUKYAN

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy described as **NOTICE OF MOTION AND MOTION FOR ORDER REMANDING ACTION TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES** was on October 6, 2020, served upon all counsel of record electronically by the Court's Case Management System:

| | |
|---|---|
| **Kristen Price**<br>Lane Powell PC<br>601 SW Second Avenue Suite 2100<br>Portland, OR 97204<br>503-778-2100<br>Fax: 503-778-2200<br>Email: pricek@lanepowell.com | *Attorneys for Defendants, KinderCare Education at Work LLC, KinderCare Education LLC, and KinderCare Learning Centers* |
| **Rishi Puri**<br>Lane Powell PC<br>601 SW Second Avenue, Suite 2100<br>Portland, OR 92704-3158<br>503-778-2100<br>Fax: 503-778-2200<br>Email: purir@lanepowell.com | *Attorneys for Defendants, KinderCare Education at Work LLC, KinderCare Education LLC, and KinderCare Learning Centers* |
| **William Elliot Weiner**<br>Lane Powell PC<br>601 SW Second Avenue Suite 2100<br>Portland, OR 97204-3158<br>503-778-2100<br>Fax: 503-778-2200<br>Email: weinerw@lanepowell.com | *Attorneys for Defendants, KinderCare Education at Work LLC, KinderCare Education LLC, and KinderCare Learning Centers* |

☒ BY NOTICE OF ELECTRONIC FILING: The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing automatically generated by CM/ECF at the time said document was filed and which constitutes service pursuant to FRCP 5(b)(2)(D).

Executed on October 6, 2020, at Los Angeles, California.

By: /s/ Tony Noda