JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Alina Manukyan,

            Plaintiff,

            v.

KinderCare Education at Work

    LLC et al.,

            Defendants.

2:20-cv-06125-VAP-AGRx

**Order GRANTING Motion to Remand (Dkt. 20)**

Before the Court is Plaintiff Alina Manukyan's ("Plaintiff") Motion to Remand.  (Dkt. 20).  After considering the papers filed in support of, and in opposition to, the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15.  The Court GRANTS the Motion.

## I.     BACKGROUND

On July 7, 2020, Plaintiff filed her Complaint in the California Superior Court, Los Angeles County, asserting employment discrimination claims related to her alleged wrongful termination.  (*See* Dkt. 3-1, ¶ 5 "Complaint").  Plaintiff brings claims for: (1) Discrimination (Gov't Code §§12940); (2) Failure to Prevent Discrimination (Gov't Code §§ 12940(k)); (3) Failure to Provide Reasonable Accommodation (Gov't Code §§ 12940); (4) Failure to Engage in a Good Faith Interactive Process (Gov't Code §§ 12940); (5)

Declaratory Judgment; (6) Failure to Pay Wages (Labor Code §§ 201, 226.7, 512); (7) Failure to Provide Meal and Rest Periods (Labor Code §§ 201, 512); and (8) Unfair Competition (Business and Professions Code § 17200).  (*Id.*).

On July 9, 2020, Defendant KinderCare Education at Work, LLC ("Defendant" or "KinderCare") removed the case to this Court.  (Dkt. 1).  According to Defendant, the amount in controversy is satisfied because "[w]hile working at KinderCare in 2018, Plaintiff's gross pay was approximately $29,421 … [and] Plaintiff also seeks $1,050.00 in Labor Code §558 penalties and $15,855.84 to compensate her for allegedly missed rest and meal periods" and other "benefits allegedly lost and interest thereon." (*Id.* at 3).  Defendant also argues that Plaintiff's claims seeking punitive damages and attorneys' fees pushes the amount in controversy past the jurisdictional threshold.  (*See id.*).

On October 6, 2020, Plaintiff moved to remand this case back to the California Superior Court for lack of diversity jurisdiction.  (Dkt. 20).  Specifically, Plaintiff argues that the amount in controversy is not satisfied. (*Id.*).  Defendant opposed the Motion on October 26, 2020 (Dkt. 23), and Plaintiff replied on November 2, 2020 (Dkt. 25).

## II.    LEGAL STANDARD

### A.    Removal

A defendant may remove any civil action from state court to federal court if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).

Under 28 U.S.C. § 1332, the Court has jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants.").  "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract."  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

"The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).  The presumption against removal means that "the defendant always has the burden of establishing that removal is proper."  (*Id.*). Moreover, the district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

## III.    DISCUSSION

When a complaint, as here, does not identify damages with specificity, a defendant seeking to remove the case to federal court must demonstrate that it is "more likely than not" that the amount in controversy will be satisfied.  *Sanchez v. Monumental Life Insurance Company*, 102 F.3d 398,

United States District Court
Central District of California

404 (9th Cir. 1996).  For the reasons below, the Court concludes that
Defendant has not met this burden.

**A.     Economic Damages**

    1.     <u>Back-pay</u>

    The parties agree that if Plaintiff were to succeed on any of her FEHA
claims, she would be entitled to back-pay.  Also, the parties do not dispute
that under the FEHA, back-pay is awarded from the time of the adverse
employment action until the date of judgment and includes past lost wages
and lost benefits.  Plaintiff argues that such wages and lost benefits must be
discounted by any disability payments she received and any part-time work
she performed.  (Dkt. 20).  Defendant argues that disability payments
should only be deducted from the back-pay award "where the plaintiff
concedes that a damage award should be offset by disability payments, [yet]
Plaintiff has not made such a binding concession …"  (Dkt. 23, at 6).
Defendant's argument lacks merit.

    As a threshold matter, Defendant cites no case law supporting its
contention.  Defendant also fails to distinguish the case law cited by Plaintiff
stating the back-pay award must be offset by any disability payments
received.  *See Melendez v. HMS Host Family Restaurants, Inc*., No. CV 11-
3842 ODW (CWx), 2011 WL 3760058, at *2 (C.D. Cal., Aug. 25, 2011)
(citing cases).  Moreover, it is not clear what additional "concession that a
damage award should be offset by disability payments" Plaintiff needs to
make outside of her Motion arguing that very point.  Defendant's failure to
account for the disability payments Plaintiff received (which stretched from

4

July 24, 2019 through the date of removal) is a critical omission in
Defendant's calculation of Plaintiff's economic damages.  Defendant also
fails to consider any part-time pay Plaintiff received during the relevant
periods.  Rather, Defendant calculates its $41,107 estimated lost wages
figure without such disability payments and/or deductions for part-time pay
received as opposed to full-time pay.  Without more information, the Court
cannot give weight to Defendant's allegations of back-pay.

Furthermore, while the Court recognizes the potential to include other
benefits in its back-pay calculations, Defendant fails to substantiate its
conclusion that "additional unidentified benefits" must be included in the
calculation.  (Dkt. 23, at 7).  Specifically, Defendant argues that Plaintiff
would be entitled to $10,000 in health benefits as part of a back-pay award.
(*Id.*).  Other than blanket unsupported statements made by a benefits
manager in a declaration, (Dkt. 23-8), the Court cannot ascertain the basis
supporting Defendant's calculations.  Such speculative statements as to the
amount in controversy are simply insufficient.  *Gaus*, 980 F.2d at 567.  The
defendant bears the burden of "actually proving the facts to support
jurisdiction, including the jurisdictional amount."  (*Id.*).  As a result, "if
[Defendant's] allegations of jurisdictional facts are challenged by [its]
adversary in any appropriate manner, [Defendant] must support them by
competent proof."  (*Id.*).  Plaintiff has provided facts to support her estimated
back-pay award of $9,234.67 and Defendant has failed to justify its
arguments countering that amount with competent proof.

United States District Court
Central District of California

2. <u>Front Pay</u>

Similarly, Defendant's calculation of Plaintiff's estimated front pay is unsupported.  Notably, Defendant failed to raise any allegations of front pay in its removal papers.  (Dkt. 1).  Moreover, Defendant fails to provide any facts to support an award of front-pay in this case.  *See Dupre v. General Motors*, No. CV-10-00955 RGK (Ex), 2010 WL 3447082, *4 (C.D. Cal. Aug, 27, 2010) (noting that even a preponderance of the evidence standard could not be met because "Defendant's calculations are based on many assumptions that leave the Court to speculate as to the value of too many variables" and that the court "'cannot base [its] jurisdiction on Defendant's speculation and conjecture.'" (*quoting Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007)). For example, Defendant assumes without justification that there will be no mitigating circumstances, and as a result, Defendant calculates a full award for front-pay without competent proof.  Quite simply, speculative assertions are insufficient to show that Plaintiff will more likely than not receive an award for front pay.

3. <u>Penalties and Other Damages</u>

Defendant finally argues that Plaintiff would be entitled to Labor Code §558 penalties ($1,050) and Missed Rest/Meal Periods ($15,855.84) as alleged in the Complaint.  (Dkt. 23, at 8; *see also* Dkt. 3-1 ¶¶ 93, 101). Nevertheless, even assuming these damages would be awarded, those amounts plus Plaintiff's estimated back-pay award of $9,234.67 only totals $26,140.51, which is still far below the jurisdictional threshold.  The question is thus whether the sum of the remaining damages claimed by Plaintiff, *i.e,*

emotional distress damages, punitive damages, and attorneys' fees, could total $48,859.49, thereby satisfying the jurisdictional amount in controversy.

**B.    Punitive and Emotional Distress Damages**

The Court may consider requested punitive damages in determining the amount in controversy.  *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).  In providing evidence to demonstrate the amount of punitive damages in controversy, the removing party may point to jury verdicts in analogous cases.  *See, e.g., Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).

Here, Defendant does not specify an amount of emotional distress damages that Plaintiff will likely be entitled to.  Rather, Defendant cites three cases for its proposition that "[a] number of plaintiffs in federal and state courts in California, relying on factual and legal allegations similar to those alleged here, have received judgments for emotional distress that are substantially larger than $75,000."  (Dkt. 23, at 10).  Defendant fails to provide facts for the Court to determine if the cases are analogous to Plaintiff's claims.  Accordingly, Defendant has failed to meet its burden in showing that an award of emotional damages, in an amount likely to satisfy the amount in controversy requirement, in this case is likely.

Likewise, with respect to punitive damages, Defendant cites a string of cases for its argument that "[a] number of plaintiffs in California courts alleging similar factual and legal claims have received substantial punitive

United States District Court
Central District of California

1 damage awards that either independently, or in combination with other relief,

2 exceed $75,000" without more.  Defendant merely states throughout its

3 papers that the cases are "disability discrimination" suits where a defendant

4 failed to "provide a reasonable accommodation."  Such boilerplate

5 recitations do not satisfy Defendant's burden of showing that Plaintiff is likely

6 to receive a punitive damage award in amount equal to or greater than

7 $48,859.49 based on the facts in this case.  Indeed, "[w]hen a punitive

8 damages claim makes up the bulk of the amount in controversy, the court

9 will 'scrutinize that claim closely' to be certain jurisdiction exists."  *Fuller-*

10 *Morgan v. Int'l Paper Co.*, No. EDCV1502086 VAP (KKx), 2015 WL

11 7853810, at *4 (C.D. Cal. Dec. 2, 2015) (*citing to Jackson v. Frank*, No.

12 C12-03975HRL, 2012 WL 6096905 (N.D. Cal. Dec. 7, 2012)) (citations

13 omitted).  "Courts increasingly view punitive damages claims with

14 skepticism, especially if asserted for the apparent purpose of meeting the

15 jurisdictional minimum."  (*Id.*).  Defendant has failed to overcome such

16 scrutiny, and has not met its burden in showing that the necessary award of

17 punitive damages in this case is likely.

18

19 **C.    Attorneys' Fees**

20          Defendant has, again, failed to support its argument regarding

21 attorneys' fees.  Attorneys' fees that accrue after the filing of a notice of

22 removal may be included in an estimate of the amount in controversy, but a

23 removing defendant must "prove that the amount in controversy (including

24 attorneys' fees) exceeds the jurisdictional threshold by a preponderance of

25 the evidence," and to "make this showing with summary-judgment-type

26 evidence."  *Fritsch*, 899 F.3d at 795.  "A district court may reject a

1    defendant's attempts to include future attorneys' fees in the amount in

2    controversy if the defendant fails to satisfy this burden of proof."  (*Id.*).

3

4        Here, Defendant makes no effort to explain what  attorneys' fees might

5    be sought or awarded in this case, neglecting to include so much as an

6    estimate of the hours or billing rates for the named attorneys that might

7    apply.[1]  The Notice of Removal argues "Plaintiff is further seeking ...

8    attorneys' fees and costs" and Defendant in its Opposition merely argues

9    that Plaintiff would be entitled to some undefined amount exceeding

10   $75,000.  (Dkt. 1, at 3).  Such vague and conclusory allegations fall short of

11   meeting Defendant's burden.  *See AMANDA D'AMICO, Plaintiff, v. FORD*

12   *MOTOR COMPANY, A Delaware Corporation; & DOES 1 through 20,*

13   *inclusive, Defendants.*, No. CV 20-2985-CJC (JCX), 2020 WL 2614610, at

14   *2 (C.D. Cal. May 21, 2020) ("[T]he Court is not persuaded that 'more than

15   $65,000' is a reasonable estimate of attorney fees in this case.  Indeed,

16   many cases alleging violations of the Act settle early, and Defendant

17   provides no explanation for why this case is similar to ones that went to trial.

18   Nor does Defendant provide an estimate of the hours that will be incurred or

19   hourly rates that would apply in this case.") (collecting cases); *Eberle v.*

20   *Jaguar Land Rover N. Am., LLC*, No. 218CV06650 VAP (PLAx), 2018 WL

21   4674598, at *3 (C.D. Cal. Sept. 26, 2018*)* ("Courts have been reluctant to

22   estimate reasonabl[e] attorneys' fees without knowing what the attorneys in

23   the case bill, or being provided with evidence of attorneys' fees awards in

24   similar cases and have found information far more specific than this to be

25   _____

26       [1] The Court is not persuaded by Defendant's inclusion of rates for attorneys
         not involved in this matter.

United States District Court
Central District of California

insufficient for the purposes of including attorneys' fees in the amount in controversy." (internal quotations and citations omitted)).

### IV.    CONCLUSION

The Court therefore GRANTS the Motion and REMANDS the action to the California Superior Court for the County of Los Angeles.

**IT IS SO ORDERED.**

Dated:    11/12/20

Virginia A. Phillips
United States District Judge